Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6200 | **DATE** | 4/6/2000 |
| **CASE TITLE** | National Union vs. Dowd & Dowd, etal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant National Union's motion for partial summary judgment (189-1) on the issue of whether Dowd breached the standard of care when it failed to identify its experts on time, and deny both parties' motions for summary judgment (229-1) on the issue of whether Judge Moody would have sustained or overruled objections to the plaintiff's closing argument. Plaintiff's motion for ruling on partial summary judgment (263-2 is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 0 7 2000 | |
| | Notified counsel by telephone. | | date docketed | 277 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/6/2000 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL UNION FIRE INSURANCE )
COMPANY, Individually and as Subrogee of )
Schneider National Carrier Insurance, )
 )
      Plaintiff, )
 )
      v. ) No. 97 C 6200
 )
DOWD & DOWD, P.C., PATRICK C. DOWD )
ROBERT J. GOLDEN, JEFFREY E. KEHL, and )
PATRICK J. RUBERRY, )
 )
      Defendants. )

DOCKETED
APR 07 2000

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

The plaintiff in this legal malpractice case, National Union Fire Insurance Co. ("National Union"), has moved for partial summary judgment against defendants Dowd & Dowd, P.C. and several of its individual partners (collectively "Dowd"). National Union seeks two rulings, both relating to the conduct of Dowd when it defended National Union during the underlying personal injury trial that led to this malpractice action.[1] First, National Union asks this Court to find as a matter of law that Dowd breached the standard of care when it failed to disclose its expert witnesses before the court imposed deadline, which resulted in all of the defense experts being barred from the underlying trial. Second, National Union seeks a ruling that had Dowd objected to certain remarks made by the underlying plaintiff's counsel during closing arguments, such objections would have been

---

[1] We set forth the facts and procedural history of the underlying personal injury case in several of our previous opinions, and except where necessary, will not repeat them here.

sustained by the trial judge. Dowd has cross-moved for partial summary judgment on the objections issue. For the following reasons, we grant in part and deny in part National Union's motion for partial summary judgment and deny Dowd's cross-motion for partial summary judgment.

Judge Moody, who presided over the underlying malpractice trial, barred Dowd from presenting any of its eight expert witnesses because it failed to identify them by the deadline set for such disclosures by the court. Dowd's excuse for the delay is that it was waiting for a ruling on its motion to take a medical examination of the plaintiff, and that the Court did not deny that motion until a week before the trial.[2] National Union contends that it is entitled to a ruling that Dowd's failure to identify its witnesses on time – and their subsequent exclusion from trial – constitutes a breach of duty as a matter of law.

We agree with National Union and thus grant its motion for summary judgment on this issue. In both Illinois and Indiana, where the personal injury trial occurred, expert testimony is required to determine whether an attorney's conduct breaches the standard of care that he or she owes a client. *See Mayol v. Summers, Watson & Kimpel*, 585 N.E.2d 1176, 1184 (Ill. App. Ct. 1992); *Hacker v. Holland*, 570 N.E.2d 951, 953 (Ind. Ct. App. 1991). And in this case, the expert witnesses for *both* parties agree that Dowd breached the standard of care by its actions which resulted in the barring of all the defendants' expert witnesses at the underlying trial; Dowd's legal malpractice expert, C. Barry Montgomery, testified at his deposition that "[i]n his opinion, the Dowd firm violated

---

[2] Dowd contends that its medical experts needed the exam in order to complete their expert reports, but it did not move for a medical examination of the plaintiff until nearly five months after the deadline for taking such an exam had passed. Further, Dowd does not explain why it also failed to identify its *non-medical* expert witnesses (whose reports did not depend on an examination of the plaintiff) until three days before trial.

2

the standard of care with respect to the fact that the Court struck their experts from testifying in the case." Notwithstanding this testimony, Dowd claims there to be a question of fact about whether it breached the standard of care because it has another witness prepared to testify that the underlying court's decision to bar the experts was improper and that Dowd acted appropriately. Dowd's witness for these propositions is Frank Stackhouse, an in-house attorney for a subsidiary of subrogee plaintiff Schneider National Carrier Insurance. However, Stackhouse's opinion is not sufficient to create a question of fact because he admitted during his deposition that he is not a trial attorney and is not competent to opine on the standard of care that applies to an attorney's defense of a trial. At all times during the underlying personal injury trial, Stackhouse acted as the "supervising client" of Dowd, and he testified at his deposition that he was only qualified to discuss how to handle litigation from a client's – not an expert's – perspective. Thus, Dowd has failed to present any evidence to contradict the opinion of its own – and National Union's – experts that Dowd breached the standard of care when it failed to disclose its expert witnesses on time. We therefore grant summary judgment for National Union on this issue.

In asking this Court to find that the trial judge would have sustained certain objections to the underlying plaintiff's closing argument, National Union recognizes that Dowd's failure to object does not on its own constitute legal malpractice. Deciding whether or not to object to prejudicial remarks made during a closing argument is a strategic choice, as pointing out unfair arguments may actually serve to highlight them in the minds of the jury. See *United States v. Allison*, 59 F.3d 625, 629 (7th Cir. 1995). So the question we have to decide is not whether Dowd *should have* made objections during plaintiff's closing,

or whether its failure to do so constitutes reversible error, but whether the trial judge *would have* sustained such objections, had they been made.

Specifically, National Union contends that the underlying plaintiff's attorney made three comments that are so prejudicial or otherwise unfair that as a matter of law, the trial judge would have undoubtedly sustained any objection. First, plaintiff's counsel told the jury that the underlying defendant "is a large corporation. You can hardly drive on the highway without seeing one of their trucks." National Union contends that this comment impermissibly contrasted the wealth of the defendant with the relative poverty of the plaintiff, in an unfair attempt to appeal to the sympathy of the jury. *See Adams Laboratories, Inc. v. Jacobs Engineering Co., Inc.* 761 F.2d 1218, 1226 (7th Cir. 1985) (Holding statements which appeal to jurors' sympathy by comparing the wealth of the parties are improper). Next, while discussing the damages part of the case, plaintiff's attorney mentioned the multi-million dollar salaries of several movie stars and sports figures such as Demi Moore and Michael Jordan, although such information was not introduced into evidence during the trial. *See Ramsey v. American Air Filter Co.*, 772 F.2d 1303, 1311 (7th Cir. 1985) (Sustaining objection on reference to percentage of African-Americans in a certain city because no evidence on this issue had been presented). Finally, National Union contends that plaintiff's counsel made an impermissible so-called "Golden Rule" argument by asking the jury to give up their neutral posture and imagine themselves in the plaintiff's position.[3] *See Joan W. v. City of Chicago*, 771 F.2d 1020, 1022

---

[3] Specifically, plaintiff's attorney asked the jury, "[d]o you know anybody who would change places with [the plaintiff] for $15 million, anybody?"

4

(7th Cir. 1985) (upholding trial court's decision to sustain objections to plaintiff's asking the jury "how would you feel?" if they were in the plaintiff's position).

Although National Union cites caselaw in which other courts have sustained objections to the types of arguments described above, or held that such arguments are impermissible, we are not willing to make assumptions about how Judge Moody might have ruled had Dowd made these objections during the underlying trial. A judge has broad discretion to allow or prohibit arguments on closing. *Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1074-75 (7th Cir. 1999). We are not in a position to predict how Judge Moody would have dealt with each objection, especially because attorneys will often give some sort of explanation for their statements in an attempt to have an objection overruled. It is possible that the trial court would have sustained the objections if they had been made, but we will not place ourselves in the position of that court and thus cannot grant summary judgment for National Union on this issue. For the same reason, we cannot say for certain that Judge Moody *would not* have sustained any such objections, so we deny Dowd's cross-motion for summary judgment on this issue as well.

We grant National Union's motion for partial summary judgment on the issue of whether Dowd breached the standard of care when it failed to identify its experts on time, and deny both parties' motions for summary judgment on the issue of whether Judge Moody would have sustained or overruled objections to the plaintiff's closing argument. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 1/6/2000

5